**Gilbert Raul URBANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–1060–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1991.
Rehearing Denied May 2, 1991.

**520**

W. Troy McKinney, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury convicted appellant of the offense of aggravated robbery and sentenced him to ninety-nine years confinement in the Texas Department of Criminal Justice, Institutional Division. On initial appeal, the First Court of Appeals reversed the conviction as to punishment because of the parole instruction included in the jury charge.

*See Urbano v. State,* 760 S.W.2d 33 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). On remand, a jury sentenced appellant to forty years confinement and a ten thousand dollar fine. We affirm.

■ In his first point of error, appellant contends the trial court erred by shuffling the jury panel before it was seated in the courtroom. Appellant argues this is a violation of Article 35.11 of the Code of Criminal Procedure that "results in automatic reversible error." TEX.CODE CRIM.PROC. ANN. art. 35.11 (Vernon 1986). Although the Court of Criminal Appeals has indicated it is a better practice to conduct the shuffle in the courtroom, contrary to appellant's assertion, it is not a requirement of the Code of Criminal Procedure. *Mays v. State,* 726 S.W.2d 937, 947 (Tex.Crim.App. 1986), *cert. denied* 484 U.S. 1079, 108 S.Ct. 1059, 98 L.Ed.2d 1020 (1988). Additionally, the trial court twice offered appellant the opportunity to re-shuffle the jury after they were seated in the courtroom; appellant never requested a shuffle. Point of error one is overruled.

■ Appellant next argues that the trial court should have conducted a *Batson* hearing following the state's request for a jury shuffle. The U.S. Supreme Court held in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that a prosecutor's use of peremptory strikes to eliminate members of the defendant's race from the jury violated a defendant's equal protection rights. Appellant cites no authority extending the *Batson* holding to encompass a jury shuffle. As an intermediate appellate court, we are not inclined make the type of broad expansion of law appellant seeks. We are even less inclined to do so here, since appellant failed to exercise the remedy available to him at trial. Appellant had the absolute right to demand the jury be re-shuffled after being brought into the courtroom, and failed to do so. *Mays,* 726 S.W.2d at 947 (citing *Wilkerson v. State,* 681 S.W.2d 29, 30 (Tex. Crim.App.1984)). His second point of error is overruled.

■ In point of error three, appellant contends the trial court should have grant-

ed him a new trial on guilt/innocence as well as punishment. He argues that section 44.29(b) of the Code of Criminal Procedure would violate constitutional prohibitions on *ex post facto* laws if applied to his case. The Code of Criminal Procedure provides that,

"[i]f the court of appeals ... awards a new trial to the defendant only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial...."

TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1990). Before the amendment to the statute, even though the charged error affected only the punishment stage of his first trial, appellant would have been entitled to new trial on both guilt/innocence and punishment. He argues that article 44.29(b) of the Code of Criminal Procedure would violate constitutional prohibitions on *ex post facto* laws if applied to his case. We do not agree.

■ Article I, section 9, clause 3 of the United States Constitution prohibits the enactment of any law that imposes a punishment for an act that was not punishable at the time it was committed, or imposes additional punishment to that then prescribed. *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963–64, 67 L.Ed.2d 17 (1981). However, no *ex post facto* violation occurs if the change in the law is merely procedural and does not increase the punishment, or change the elements or ultimate facts necessary to establish guilt. *Miller v. Florida,* 482 U.S. 423, 433, 107 S.Ct. 2446, 2452–53, 96 L.Ed.2d 351 (1987). Even if a law operates to a defendant's detriment, there is no *ex post facto* violation where the change in the law merely involves legislative control of remedies and modes of procedure, but does not affect matters of substance. *Id.; Ex parte Roper,* 61 Tex. Crim. 68, 134 S.W. 334, 339 (1911).

The amendment to article 44.29(b) does not affect any matter of substance. It is an alteration of the remedy available and the mode of procedure that is within the legislature's power. *Cooper v. State,* 769 S.W.2d 301, 306 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). Appellant's third point of error is overruled.

■ In his fourth point of error, appellant complains "the trial court erred in allowing the State to present the testimony of Elizabeth Gilpen by transcript because the State had not exercised due diligence in attempting to locate" her. Gilpen was the complaining witness at his original trial, the convenience store clerk whom appellant robbed at gunpoint.

To provide the jury with some understanding of the offense for which they were sentencing appellant, the state wanted to present Gilpen's testimony. More than two years had passed since the original trial and the state was unable to locate her. It offered her former testimony under TEX.R.CRIM.EVID. 804(b). Rule 804(b) outlines an exception to the hearsay doctrine for former testimony when the declarant is unavailable. "Unavailability" includes situations in which the declarant is "absent from the hearing and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means. TEX.R. CRIM.EVID. 804(a)(5). Appellant argues that the former testimony was improperly admitted since the state did not use due diligence to locate Gilpen.

■ To avoid violation of a defendant's Sixth Amendment rights, a witness is not "unavailable" for purposes of exception to the confrontation requirement unless the prosecutorial authorities have made a good faith effort to obtain his presence at trial. *Barber v. Page,* 390 U.S. 719, 724–25, 88 S.Ct. 1318, 1321–22, 20 L.Ed.2d 255 (1968) The determination of whether the state's efforts were sufficient and the testimony admissible was within the discretion of the trial court, and will not be reversed unless a clear abuse of discretion is shown. *Werner v. State,* 711 S.W.2d 639, 643 (Tex. Crim.App.1986); *see Mancusi v. Stubbs,* 408 U.S. 204, 212–13, 92 S.Ct. 2308, 2312–13, 33 L.Ed.2d 293 (1972).

The state's investigator testified to his efforts to locate Gilpen. He checked her driver's license listing, contacted Southwestern Bell Telephone and Houston Lighting and Power to find a current address, but was unsuccessful. He went to her last known address and spoke to the apartment manager and several residents to try to obtain a forwarding address, none was known. He attempted to trace any vehicle she might have registered in Texas and none was registered. He also spoke with her last known employer, who had no recent information on Gilpen's whereabouts.

The state acted in good faith and exercised diligence in its attempt to locate Gilpen. Appellant suggests there may have been other avenues the state could have explored to find Gilpen. "One in hindsight may always think of other things[; n]evertheless, the great improbability that such efforts would have resulted in locating the witness ... neutralizes any intimation that a concept of reasonableness required their execution. *Ohio v. Roberts,* 448 U.S. 56, 75–76, 100 S.Ct. 2531, 2543–44, 65 L.Ed.2d 597 (1980). Rule 804(a)(5) does not require a proponent to butt his head against a wall just to see how much it hurts. *U.S. v. Kehm,* 799 F.2d 354, 360 (7th Cir.1986) (interpreting Federal Rule of Evidence 804(a)(5)). Point of error four is overruled.

■ Appellant contends in his fifth point of error that the trial court improperly limited his questioning during voir dire. He complains of the following exchange:

[DEFENSE COUNSEL]: Even at this stage of the trial, the *State has the burden of proving what's appropriate beyond a reasonable doubt.* The State has the burden of proof in a criminal case. It never shifts to the defendant. It never shifts to Mr. Urbano, never shifts to me. If we were to just stop right—if we were to take the first twelve people here and put them up here and nothing happened, the State introduced no evidence, we introduced no evidence and everybody—who could tell me what the proper verdict would be.

A JUROR: He'd—

[DEFENSE COUNSEL]: On the bottom end, right?

A JUROR: Yeah.

[DEFENSE COUNSEL]: All right. Does that makes sense to everybody? With no evidence being heard whatsoever you'd have to go with the bottom end because the State hasn't proved anything to you.

A JUROR: Not necessarily.

[DEFENSE COUNSEL]: How come?

A JUROR: Because we've already been told he was armed. That would change your mind pretty quick.

[DEFENSE COUNSEL]: Okay.

A JUROR: Or what you're basically saying if he chose not to—and I don't know in a case like this if he could choose not to have a jury then the Judge would make the decision and he would possibly get the bottom line.

[DEFENSE COUNSEL]: I'm not making myself clear.

[PROSECUTOR]: Well, I'm going to object to this whole line of discussion, Your Honor. I think this is improper voir dire.

THE COURT: All right.

   ·    ·    ·    ·    ·

THE COURT: I'll sustain her objection.

   ·    ·    ·    ·    ·

THE COURT: What question [sic] you want to ask them?

   ·    ·    ·    ·    ·

[DEFENSE COUNSEL]: I would ask the jury or the jury panel if they understand and could accept that it's always the State's burden to prove the appropriate punishment beyond a reasonable doubt, the burden of proving that the defendant should not receive a maximum is not on the defendant; that there's no burden of proof on the defendant to prove that he should not receive the maximum. I would ask them how they feel about that and how they would apply that in this case.

I would ask them the hypothetical that I gave them just before [the prosecutor] objected regarding if they were put on the jury and the State presented no evi-

dence and we presented no evidence nothing from the witness stand what they would assess for a punishment.

.  .  .  .  .

[PROSECUTOR]: I don't have a problem with his first question but his second question is completely misleading.

[DEFENSE COUNSEL]: I would ask them if they understood that it was up to the state to prove the appropriate punishment beyond a reasonable doubt. Whether the appropriate punishment was fifteen or life, it's up to the State to prove that it was appropriate beyond a reasonable doubt.

[PROSECUTOR]: But Judge, it's—

THE COURT: Overruled. I will sustain your objection to that question also.

[DEFENSE COUNSEL]: Those are the questions I'd ask.

THE COURT: All right, let's move along

[PROSECUTOR]: If he wants to ask the first one, I don't have any problem with it.

The state made no objection to defense counsel asking the jury if they understood that appellant had no burden of proof, that he was not required to prove he should not receive the maximum sentence. The state's objection, which the trial court properly sustained, concerned defense counsels attempt to tell the jury that the state had to prove the appropriate sentence beyond a reasonable doubt. A trial court is given broad discretion over the voir dire. *Hughes v. State*, 562 S.W.2d 857, 862 (Tex. Crim.App.1978). Since defense counsel's question was a misstatement of the law, the trial court did not abuse its discretion by disallowing it. *Clark v. State*, 608 S.W.2d 667, 670 (Tex.Crim.App.1980).

Deciding what punishment to assess is a normative process, not intrinsically fact bound. Because the material issue at punishment is so indistinct, the appropriate sentence cannot be determined by a deductive process akin to totalling up a score sheet. *See Murphy v. State*, 777 S.W.2d 44, 63 (Tex.Crim.App.1988). Perhaps because of the inexact nature of assessing punishment, no burden of proof has ever

been assigned to the broad "issue" of what punishment to assess. *Id.* at 63 n. 10.

The Court of Criminal appeals has expressly rejected the proposition of law and hypothetical that defense counsel wanted to offer to the jury panel. In *Wright v. State*, the court stated:

Appellant also advances the rather unique contention that if no evidence is offered at the penalty stage of the bifurcated trial ..., the court may not assess the punishment in excess of the minimum penalty set by law for the offense for which the defendant has been convicted ... We have no authorities so holding and do not interpret our statutes to compel such an unrealistic result. It is not mandatory that the State offer evidence at the separate hearing on punishment. [In *Morales v. State*, 416 S.W.2d 436, (Tex.Crim.App.1967)] it was expressly held that a defendant convicted of robbery could be assessed a term in excess of the minimum legal penalty although no separate hearing was conducted on the question of punishment.

468 S.W.2d 422, 424 (Tex.Crim.App.1971).

Accordingly, the trial court was within its discretion to sustain the state's objection. Point of error five is overruled.

■ In his final point of error, appellant complains that the trial court erred in instructing the jury to render a verdict of true on the enhancement allegations. Following the trial court's admonishment that he had the right to require the state to prove the prior convictions, appellant waived that right and pleaded true to the enhancement allegations. By pleading "true", appellant removed the burden of proof from the state. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.1981), *cert. denied* 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123. The trial court correctly instructed the jury to find the enhancement allegations true. Point of error six is overruled.

We affirm the judgment of the trial court.