Terry Luther WEARREN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–93–118 CR.

Court of Appeals of Texas,
Beaumont.

June 8, 1994.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. Dewitt, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Terry Luther Wearren of aggravated robbery, found the enhancement allegation to be true, and assessed punishment at ninety-nine years confinement in the Texas Department of Criminal Justice, Institutional Division, and a $1,000 fine. Appellant raises seven points of error.

■ Point of error one contends the trial court erred in failing to dismiss the jury panel "on the basis that the prosecutor shuffled the jury panel in violation of the United States Constitution." The alleged constitutional violation is that enunciated in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Appellant cites no authority for this extension of *Batson* from peremptory strikes to random jury shuffles, and we find none. Consequently, we decline to make the broad extension of *Batson* that appellant seeks. *See Urbano v. State*, 808 S.W.2d 519, 520 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Even if *Batson* could be applied to a shuffle, appellant failed to establish a prima facie case, there being no indication in the record of its effect on minority venirepersons. Point of error one is overruled.

■ Appellant groups the next two points in a single argument. Point of error two maintains the trial court erred in instructing the jury that they were authorized to find appellant guilty of robbery by acting alone, while point of error three challenges the sufficiency of the evidence. The application paragraph instructed the jury to convict appellant if they found he committed the offense "either acting alone or as a party, as that term has been defined . . . ." Appellant's argument fails, were we to assume the jury could not have rationally found appellant criminally responsible without also finding the other actor criminally responsible, because the jury was clearly instructed they could find appellant guilty as a party and there is ample evidence to support that theory. As the Court of Criminal Appeals found

in a factually similar case, "it is inconceivable to us how the jury could have been misled by the court's charge." *Watson v. State*, 693 S.W.2d 938, 941 (Tex.Crim.App.1985). After all, a charge requiring that the State prove the accused acted alone increases the State's burden and thus benefits the defendant. *Id.* at 942.

■ The conviction may stand upon any theory properly presented to the jury in the charge. *Teague v. State*, 864 S.W.2d 505, 517 (Tex.Crim.App.1993). The law of parties was properly applied in this case. *See Chatman v. State,* 846 S.W.2d 329 (Tex.Crim.App. 1993). The confession admitted at trial relates that appellant drove around with Clyde Ray Jones looking for a place to rob, appellant stopped on a street adjacent to the convenience store and waited while Jones took a gun out of the trunk and entered the store. Jones came out running with a cash register. Appellant opened the car door for Jones, who threw in the cash register and climbed in the back. Appellant drove while Jones opened the register. Appellant and Jones disposed of some of the evidence. Appellant's attempt to elude a following police car failed, and the pair was apprehended. Photographs depicted the convenience store in a state of significant disarray. The store clerk was found shot dead in a parking lot near the store. Detective Clifton Orr testified Jones admitted he shot the clerk, Mohammed Iqbal, as he chased Mr. Iqbal outside the store. This evidence was further substantiated by other evidence but it would merely belabor the point to describe it further. Viewed in the light most favorable to the verdict, any rational trier of fact could have found appellant guilty of aggravated robbery as a party. Since the jury was charged on the law of parties, the evidence is sufficient to support the conviction regardless of the strength of the evidence to support any other charged theory. Points of error two and three are overruled.

■ Point of error four avers the prosecutor argued outside the record that the co-defendant was convicted of capital murder

and received a life sentence.[1] The trial court sustained defense counsel's objection and instructed the jury to disregard the prosecutor's argument. Evidence admitted at trial informed the jury that Jones confessed, that both appellant and Jones were initially charged with capital murder but appellant was re-indicted for aggravated robbery, that Jones was tried for capital murder but did not receive the death penalty. Appellant's position in the case was that Jones committed the crime without appellant's knowing assistance. Although we find no evidence in the record that Jones was convicted and sentenced to life in prison as opposed to receiving the death penalty, in light of all of the evidence and argument of counsel, we find the instruction to disregard was sufficient to cure error. *Kinnamon v. State*, 791 S.W.2d 84 (Tex.Crim.App.1990). Point of error four is overruled.

■ Point of error five also seeks reversal based upon argument by the prosecutor which the trial court instructed the jury to disregard. The prosecutor argued: "There is no evidence though either way to explain to you why it wasn't tried that way or why it wasn't proceeded on the original indictment that way. After this trial you can ask that." Appellant contends the prosecutor improperly argued outside the record concerning why appellant was not tried for capital murder. We find this argument was an answer to argument of opposing counsel, who argued, "Officer Mike Sheffield, he told you that anytime anyone is killed in a robbery it's capital murder. Well, folks, if that's true, and they are trying to say he participated in that, why aren't we in here on a capital murder charge?" The argument was not improper. *Alejandro v. State*, 493 S.W.2d 230 (Tex. Crim.App.1973). Point of error five is overruled.

■ Point of error six urges reversible error occurred when the State elicited testimony of appellant's post-arrest silence. The central flaw in appellant's argument is he was not silent after arrest. In fact, he gave a statement to the police. The particular testimony of which appellant complains occurred during the State's cross-examination of appellant during the punishment stage. The prosecutor asked "And when the police stopped you, you didn't tell the policeman he [Jones] just did all this?" Appellant replied "No, sir." The trial court sustained defense counsel's objection and gave an instruction to disregard to the jury. It also appears from our review of the record that the reference was to appellant's behavior when an officer initially detained him without arresting him. A reference to pre-arrest silence is not improper. *Waldo v. State*, 746 S.W.2d 750, 755 (Tex.Crim.App.1988); *Harris v. State*, 866 S.W.2d 316, 320 (Tex.App.—San Antonio 1993, pet. ref'd). Furthermore, the court's instruction to disregard was sufficient to cure error. *Maddox v. State*, 591 S.W.2d 898, 903 (Tex.Crim.App.1979). Point of error six is overruled.

■ Point of error seven maintains the prosecutor improperly referred to the application of parole laws during the punishment phase of the trial. The prosecutor argued as follows:

So, where does it fall in the range of an aggravated robbery? Just the aggravated robbery and not what kind of character he is and what type of person he is. Where does it fall in the range of just the aggravated robbery? It's the top end. A life was taken. That is one of the verdict forms, life; a life for a life.

Now, it doesn't mean the death penalty. It's a life sentence. I tell you to use your common sense about what a life sentence means.

The trial court sustained defense counsel's objection and instructed the jury to disregard the prosecutor's remark. To the extent the argument might be interpreted as an invitation to consider parole law, the court's oral instruction and written charge was sufficient to cure any error which might have otherwise occurred. *Cooks v. State*, 844 S.W.2d 697, 728 (Tex.Crim.App.1992, *cert. denied*, —— U.S. ——, 113 S.Ct. 3048, 125

---

1. Clyde Ray Jones was in fact convicted of capital murder and sentenced to life in prison. His conviction was affirmed on appeal. *Jones v. State*, 863 S.W.2d 254 (Tex.App.—Beaumont 1993, pet. ref'd).

L.Ed.2d 732 (1993). Point of error seven is overruled. We affirm the judgment.

AFFIRMED.