Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-07-00835-CV

**IN THE MATTER OF E.C.D.**, Jr. II

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 1991-JUV-1209
Honorable Laura L. Parker, Judge Presiding

Opinion by:     Alma L. López, Chief Justice

Sitting:          Alma L. López, Chief Justice
                 Catherine Stone, Justice
                 Sandee Bryan Marion, Justice

Delivered and Filed:   October 15, 2008

AFFIRMED

        E.C.D., Jr. II appeals the order of disposition that was entered following a new trial of the

disposition phase of his trial.  *See In re E.C.D., Jr.*, No. 04-05-00391-CV, 2007 WL 516137

(Tex. App.—San Antonio Feb. 21, 2007, no pet.) (mem. op.) (reversing prior order of disposition

and remanding for new trial on disposition phase).  E.C.D. presents four points of error on appeal

contending the trial court erred by: (1) denying his motion for continuance; (2) admitting the

testimony of a witness from a previous trial; (3) allowing the victim's brother to testify because the

testimony was overly prejudicial; and (4) overruling his objection to the parole law instruction.  We

affirm the trial court's judgment.

**MOTION FOR CONTINUANCE**

On the day of trial, E.C.D. filed a motion for continuance asserting that E.C.D. would not receive a fair trial because an extensive newspaper article regarding his case had appeared in the newspaper the prior day. The State responded that the newspaper article was based on interviews in which E.C.D. had voluntarily participated and on a manuscript that E.C.D. had given to the reporter.

A trial court's action in denying a continuance will not be disturbed unless the record discloses a clear abuse of discretion. *In re E.L.T.*, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.). To be entitled to a continuance, E.C.D. was required to establish sufficient cause supported by affidavit. TEX. R. CIV. P. 251. Although E.C.D. attached a copy of the newspaper article to his motion, he produced no witnesses to testify that he could not receive a fair trial, and no motion for change of venue was filed. *See Esquivel v. State*, 595 S.W.2d 516, 519 (Tex. Crim. App. 1980). Moreover, the questioning of the venire panel during voir dire failed to show that any of the prospective jurors were prejudiced by the article with the exception of one venire member who was struck for cause. *See Lopez v. State*, 628 S.W.2d 77, 81 (Tex. Crim. App. 1982). Both the trial judge and the prosecutor instructed the venire panel that they could not base their decision on what they read in the newspaper and cautioned the venire panel that media accounts may be inaccurate. The venire members who were specifically questioned stated that they could make a fair and impartial decision despite the article. Two venire members expressly stated that the article would not influence them. The one venire member who stated that she had formed an opinion based on the article was struck for cause. Because the record did not establish that any of the

potential jurors were prejudiced by the article, the trial court did not abuse its discretion in denying the motion for continuance. E.C.D.'s first point of error is overruled.

## TESTIMONY FROM PREVIOUS TRIAL

In his second point of error, E.C.D. contends that the trial court abused its discretion in admitting a witness's testimony from a previous trial. E.C.D. asserts that the State failed to establish that the witness was "unavailable" by showing that the State was "unable to procure the [witness's] attendance or testimony by process or other reasonable means" as required for the testimony from the previous trial to be admissible. *See* TEX. R. EVID. 804(a)(5), 804(b)(1).

In determining whether a trial court erred in admitting evidence, the standard of review is abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id*.

A witness is not "unavailable" unless the prosecutorial authorities have made a good faith effort to obtain his presence at trial. *Urbano v. State*, 808 S.W.2d 519, 521 (Tex. App.—Houston [14th Dist.] 1991, no pet.). "Rule 804(a)(5) does not [however] require a proponent to butt his head against a wall just to see how much it hurts." *Id*.

Sammy Miller, an investigator with the district attorney's office, assisted in the search for Chaplain Charles Pollard, a witness at the 1992 trial. Miller used all of the computer resources available to law enforcement but was unable to locate any substantial information. Miller determined that Pollard's Texas driver's license expired in 1994, as did his voter registration. Miller found Pollard's date of birth on the statement he had given police and utilized the date of birth in conjunction with his name in his search. Miller was unable to find a certificate of death for Pollard.

Pollard would have been seventy-two at the time of the new trial. The owner of the house matching the address associated with Pollard was contacted, and the owner stated that Pollard "had left there some time ago." Miller admitted that he did not contact neighbors who lived in the area for information.

The trial court did not abuse its discretion in admitting the testimony of Pollard from the prior trial. Miller's testimony established that a good faith effort was made to obtain Pollard's presence at trial. *Urbano*, 808 S.W.2d at 521. E.C.D. was critical of Miller's failure to contact neighbors who might have lived in the area while Pollard still lived there and who might have had information regarding Pollard's whereabouts. The rules do not, however, require a proponent to perform every improbable effort that, in hindsight, might have produced the witness. *See id*. at 522. E.C.D.'s second point of error is overruled.

### TESTIMONY OF VICTIM'S BROTHER

In his third point of error, E.C.D. contends that the trial court abused its discretion in overruling his objection to the testimony of the victim's brother because its probative value was substantially outweighed by the danger of unfair prejudice.

Victim-impact evidence may be admissible at the punishment phase of a trial when that evidence has some bearing on the defendant's personal responsibility and moral culpability. *Salazar v. State*, 90 S.W.3d 330, 335 (Tex. Crim. App. 2002). Such evidence is designed to show each victim's uniqueness as an individual human being and informs the jury about the specific harm caused by the crime in question. *Id*. Victim-impact evidence consists of two distinct but related types. *Id*. Victim-impact evidence is evidence concerning the effect of the victim's death on others, particularly the family members, whereas victim-character evidence is evidence concerning the good

qualities of the victim. *Haley v. State*, 173 S.W.3d 510, 517 (Tex. Crim. App. 2005). Victim-character evidence is designed to give the jury a quick glimpse of the life that the defendant chose to extinguish, while victim-impact evidence is designed to remind the jury that murder has foreseeable consequences to the community and the victim's survivor-family members and friends who also suffer from murderous conduct. *Salazar*, 90 S.W.3d at 335.

Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). In a Rule 403 analysis, we must first evaluate two factors: (1) the inherent probative force of the proffered evidence; and (2) the proponent's need for that evidence. *See Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). We must then balance those two factors against the following four counter-factors: (1) any tendency of the evidence to suggest decision on an improper basis; (2) any tendency of the evidence to confuse or distract the jury from the main issues; (3) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (4) the likelihood that the presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *See Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007); *Gigliobianco*, 210 S.W.3d at 641-42.

The victim's brother testified that the victim was an excellent student and graduated from Rice University. The victim was a schoolteacher, a coach, and a Sunday school teacher and was studying to become a deacon. The victim, who was murdered while driving a cab, was driving the cab part-time for extra money. The victim's son was five or six at the time of his father's death, and the victim was a great father. The victim also assisted his elderly neighbors with errands. A single

picture of the victim with his mom on the day of his college graduation also was introduced into evidence.

The testimony by the victim's brother was probative because it explained the victim's uniqueness and the harm caused by his death, thus relating to E.C.D.'s moral culpability and responsibility. *See Salazar*, 90 S.W.3d at 335. E.C.D. concedes the testimony was not lengthy and was therefore not prejudicial based on its volume. *See Williams v. State*, 176 S.W.3d 476, 483 (Tex. App.—Houston [1st Dist.] 2004, no pet.). No other witness testified about the impact of the victim's death or his character, making the complained-of testimony the only probative evidence on point. *See id*. Despite E.C.D.'s assertion, the testimony did not measure the victim's worth compared to other members of society, nor did it seek to impress the jury in an irrational way. *See id*. Accordingly, the trial court did not abuse its discretion in admitting the testimony.

## PAROLE LAW INSTRUCTION

In his final point of error, E.C.D. complains that the trial court erred in overruling his objection to the inclusion of the parole law instruction because the instruction likely misled the jury about the possible application of good conduct time to E.C.D. in violation of his due process rights. Specifically, E.C.D. asserts that because he was not eligible for good conduct time, the trial court should have excluded the instruction.

In *Luquis v. State*, 72 S.W.3d 355, 364-68 (Tex. Crim. App. 2002), the Texas Court of Criminal Appeals rejected this very argument, concluding:

> Although it is theoretically possible that the jury could have been affirmatively misled in some unspecified way by the totality of the parole law instruction, appellant has not demonstrated a reasonable likelihood that it was, in fact, misled or that it assessed a higher sentence based upon any misconstruction of the parole law charge. We therefore conclude that the parole law instruction, judged as a whole, was not

misleading and certainly not so misleading as to convert appellant's trial into a fundamentally unfair proceeding which denied him due process. Indeed, if the jury followed the judge's clear and explicit direction to not apply the general concepts of parole or "good conduct time" in assessing appellant's sentence, there was no error, confusion, or harm. There is no showing that the jury did not follow the instruction in this case. Thus, appellant has failed to shoulder his burden to demonstrate that there is a reasonable likelihood that this jury unconstitutionally misapplied the concept of "good conduct time" to assess a higher sentence as a result of the instruction, thereby denying appellant due process or due course of law.

*Luquis*, 72 S.W.3d at 368. In this case, E.C.D. seeks to rely on a note from the jury inquiring about whether E.C.D. was ever eligible for parole in serving his original sentence. The jury's note, however, "concerns parole, not good conduct time, and nothing in the note, or elsewhere in the record, leads us to conclude this was more than a preliminary question raised by the jury." *Arceo v. State*, No. 05-07-00315-CR, 2008 WL 384438, at * 2 (Tex. App.—Dallas Feb. 14, 2008, no pet.) (not designated for publication). The note does not rebut the presumption that the jury followed the trial court's instructions to not apply the general concepts of parole or "good conduct time" in assessing the sentence, and the trial court's response to the jury's note, that the jury had all the applicable law and definitions in the court's charge, can be read as a reminder to the jury about its instructions. *Byrd v. State*, 192 S.W.3d 69, 72 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). E.C.D.'s fourth point of error is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alma L. López, Chief Justice