Affirmed and Memorandum Opinion filed January 25, 2011.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00831-CR



 

RUBEN CANALES, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 239th
District Court 

Brazoria County, Texas

Trial Court Cause No. 58,471



 

MEMORANDUM OPINION

A jury
convicted appellant, Ruben Canales, Jr., of assault-family violence,
which was enhanced by a prior conviction for assault-family
violence.[1] 
During the punishment phase of trial, the jury found appellant to be a habitual
offender and sentenced him to twenty-five years’ confinement.[2] 
In two issues, appellant contends the trial court erred by (1) sustaining the
State’s objection to his cross-examination of the complainant and (2) including
an erroneous instruction in the punishment charge regarding the habitual-offender
issue.  Because the dispositive issues are clearly settled in law, we issue
this memorandum opinion.  See Tex.
R. App. P. 47.4.  The trial court’s judgment is affirmed. 

I.   Background

In
August 2008, appellant and Sophia Diaz were involved in a dating relationship. 
Diaz had two children, one of whom was fathered by appellant.  On the evening
of August 29, 2008, after appellant and Diaz attended a barbecue at which
appellant consumed alcohol, they engaged in a verbal and physical altercation
at Diaz’s apartment.  Diaz testified that appellant struck her on the face,
body, and limbs, strangled her, and also “started throwing . . . [her] furniture.” 
Appellant eventually forced Diaz into a bedroom where he made her lie on the
bed with him.  After appellant fell asleep, Diaz retrieved her children and
went to the police station.  Photographs of Diaz’s injuries taken at the police
station reveal that she sustained scratches to her face, a swollen eye and
bottom lip, and red marks on her neck.  Diaz also testified that she sustained
a bloody nose during the assault.

On the
same day, Officer Kevin Nutt responded to a family-violence incident at Diaz’s
apartment.  When he arrived, the door was partially open.  Officer Nutt entered
the apartment and saw an overturned couch, a broken chair, and what appeared to
be blood spatter on the wall.  Officer Nutt found appellant asleep in a
bedroom.  When appellant did not respond to a verbal command, Officer Nutt
shook him awake.  According to Officer Nutt, appellant seemed confused and
possibly “under the influence of something.”  Appellant also had what appeared
to be blood on his shorts.  Appellant stated that he did not know the blood’s
source and denied having been in a physical altercation.

Appellant
was charged with assault-family violence.  At trial, Diaz testified that she
still loved appellant and wanted him to help raise their child, she had
attempted several times to have the charges against appellant dismissed, and she
was being forced to testify “[t]hrough a subpoena.”  Appellant was convicted and
sentenced to twenty-five years’ confinement.

II.   Cross-Examination

            In his first
issue, appellant contends the trial court erred by sustaining the State’s
objection during appellant’s cross-examination of Diaz.  Specifically,
appellant complains about the following exchange:

[Defense
Counsel:]  Is there anyone else right now that - - that you’ve got assault
charges pending against?

[Prosecutor:] 
Objection, Your Honor, relevance.

[Trial
Court:]  Sustained.

[Sophia
Diaz:]  Do I answer?

[Trial
Court:]  No.  Thanks for asking.

Appellant
argues the purpose of this question was to establish that Diaz had accused
other persons of assault, which would have weakened her credibility and showed
she had a motive to lie.  According to appellant, because this question was
proper and necessary for a full cross-examination of Diaz, the trial court’s
ruling violated his Sixth Amendment right to confrontation.

A.        Standard of
Review

We
review a trial court’s decision to limit cross-examination under an abuse-of-discretion
standard.  Sansom v. State, 292 S.W.3d 112,
118 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d).  The
Confrontation Clause of the United States Constitution guarantees a defendant
the right to cross-examine witnesses.  See U.S. Const. amend. VI; Lopez
v. State, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000).  A defendant may
cross-examine a witness on any subject “reasonably calculated to expose a
motive, bias or interest for the witness to testify.”  Carroll v. State,
916 S.W.2d 494, 497 (Tex. Crim. App. 1996).  The right to cross-examination
“includes the right to impeach the witness with relevant evidence that might
reflect bias, interest, prejudice, inconsistent statements, traits of character
affecting credibility, or evidence that might go to any impairment or
disability affecting the witness’s credibility.”  Virts v. State, 739
S.W.2d 25, 29 (Tex. Crim. App. 1987).

Errors
in limiting cross-examination are subject to a harm analysis for constitutional
error.  Tex. R. App. P. 44.2(a); Kelly v. State, 321 S.W.3d 583,
605 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  We determine harm by applying a three-pronged test.  Shelby v. State,
819 S.W.2d 544, 547 (Tex. Crim. App. 1991) (citing Delaware v. Van Arsdall,
475 U.S. 673, 684 (1986)).  First, we must assume that the damaging
potential of the cross-examination was fully
realized.  Id.  Second, with that assumption in
mind, we review the error in connection with the following factors: (1) the
importance of the witness’s testimony in the State’s case; (2) whether the
testimony was cumulative; (3) the presence or absence of evidence corroborating
or contradicting the testimony of the witness on material points; (4) the
extent of cross-examination otherwise permitted; and (5) the overall strength
of the State’s case.  Id.  Finally, in light of the first two prongs, we
determine whether the error was harmless beyond a reasonable doubt.  Id.

B.        Analysis

            Assuming,
without deciding, that the trial court erred by limiting appellant’s
cross-examination of Diaz, we conclude the error was harmless.  Pursuant to the
first Shelby prong, we assume for purposes of our harm analysis that the
jury was informed and believed Diaz presently had assault charges pending
against one or more other persons.  With this assumption in mind, we examine
the evidence.

Diaz’s
testimony was not cumulative and was essential in the State’s case.  She
testified that (1) she and appellant engaged in an altercation at her apartment
during which appellant “started throwing . . . [her] furniture,” (2) appellant
struck her repeatedly in the face, causing scratches, a swollen eye, and a
bloody nose, and (3) she was able to leave after appellant fell asleep.  Despite
the great importance of Diaz’s testimony, the remaining factors of the second Shelby
prong weigh in favor of harmless error.  Diaz’s testimony was
corroborated by photographs of her injuries taken shortly after the altercation
and Officer Nutt’s testimony that, after he entered Diaz’s apartment, he found
overturned and broken furniture, blood on the wall, and appellant asleep with a
possible blood-stain on his shorts.  Diaz’s credibility was further
strengthened because she did not want appellant to be convicted and, thus, had
no incentive to fabricate assault charges.  Furthermore, the trial court did
not limit appellant’s cross-examination of Diaz on any other significant issue. 
In light of these facts, we determine beyond a reasonable doubt that the
verdict would have been the same even if the jury had been informed and
believed that Diaz presently had assault charges pending against other
persons.  Accordingly, we determine beyond a reasonable doubt that the trial
court’s limitation of appellant’s cross-examination was harmless.  See
Tex. R. App. P. 44.2(a).  We overrule appellant’s first issue.

III.   Charge Error

In his
second issue, appellant contends the trial court erred by submitting erroneous habitual-offender
and second-offender application paragraphs in the jury charge.  Specifically,
appellant argues the application paragraphs were confusing and allowed the jury
to find he was a habitual offender without determining that his previous felony
convictions were sequential—a requirement under the habitual-offender statute. 
See Tex. Penal Code Ann. § 12.42(d).  We conclude no error occurred.

To
establish the defendant is a habitual offender, “‘[t]he [chronological]
sequence of events must be proved as follows: (1) the first conviction becomes
final; (2) the offense leading to a later conviction
is committed; (3) the later conviction becomes final; (4) the offense for which
defendant presently stands accused is committed.’”  Jordan
v. State, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008) (quoting Tomlin
v. State, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987)); see also Tex.
Penal Code Ann. § 12.42(d).    

The
State alleged appellant was convicted of three felonies on November 1, 2002 and
another felony on September 5, 2005, and this subsequent felony was committed
after appellant’s convictions of the prior three felonies became final but before
he assaulted Diaz.  During the punishment hearing and in the jury’s presence,
appellant pleaded “true” to each of the enhancement allegations.  Penitentiary
packets of all four convictions were also admitted.  Thus, the facts supporting
a finding that appellant was a habitual offender were undisputed. 

The
trial court was not required to submit the enhancement issue to the jury because
appellant pleaded “true” to each enhancement allegation.  See Harvey v.
State, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981); Howell v. State,
563 S.W.2d 933, 936 (Tex. Crim. App. [Panel Op.] 1978).  Instead, the trial
court should have instructed the jury to answer “true” to the enhancement
paragraphs.  See Urbano v. State, 808 S.W.2d 519,
523 (Tex. App.—Houston [14th Dist.] 1991, no pet.).  Because the trial
court was not required to submit the enhancement issue, we cannot hold that the
charge submitted was erroneous.  Cf. Hardin v. State, 951 S.W.2d 208,
210–11 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (concluding alleged
inadequacy in a jury instruction could not be erroneous because defendant was
not entitled to the instruction).  We overrule appellant’s second issue.   

            The trial
court’s judgment is affirmed.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel
consists of Justices Seymore, Boyce, and Christopher.

 

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2010).





[2]
Tex. Penal Code Ann. § 12.42(d) (West Supp. 2009).