**Affirmed and Memorandum Opinion filed June 9, 2015.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

**NO. 14-14-00540-CR**
**NO. 14-14-00541-CR**
**NO. 14-14-00542-CR**

**SCOTT ALLEN WILLIS III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Court Cause No. 22326, No. 22328, and No. 22332**

## M E M O R A N D U M   O P I N I O N

Appellant Scott Allen Willis III was convicted by a jury of aggravated robbery, aggravated kidnapping, and aggravated sexual assault. *See* Tex. Penal Code Ann. §§ 20.04(b), 22.021, 29.03(a) (West 2011). He appeals his convictions in five issues. In his first three issues, appellant challenges all three convictions on the following grounds: (1) the trial court denied him equal protection when it

granted the State's request to shuffle the jury; (2) article 35.11 of the Code of Criminal Procedure is facially unconstitutional; and (3) article 35.11 is unconstitutional as applied to him. In his last two issues, appellant challenges his convictions for aggravated assault and aggravated kidnapping on the ground that the evidence is legally insufficient to prove that he used or exhibited a firearm. We affirm.[1]

## FACTS & PROCEDURAL BACKGROUND

On April 7, 2013, Jennifer Lynn Rasmussen had just arrived home from work when she was approached by appellant and an accomplice. Appellant pointed a gun at Rasmussen's head and said, "Give me the money, bitch." Rasmussen responded that she did not carry any cash but that she did have an ATM card. The assailants then forced Rasmussen into the passenger seat of her car. Appellant drove Rasmussen's car to a local grocery store where the accomplice used Rasmussen's ATM card to withdraw money. Appellant and Rasmussen remained in the car while the accomplice was withdrawing the money. During the accomplice's absence, appellant forced Rasmussen at gunpoint to perform oral sex on him.

During the investigation, the police searched appellant's vehicle. Officer Perry Stockwell observed a Colt semi-automatic handgun inside the vehicle. Officer Stockwell testified that the handgun could be considered a firearm. Detective Aaron Lewallen testified that the handgun found by Officer Stockwell was a fully functional .45 caliber Colt Combat Commander. Detective Lewallen confirmed that the handgun was designed and manufactured for the purpose of

---

[1] This case was transferred to our court from the Beaumont Court of Appeals; therefore, we must decide the case in accordance with its precedent if our decision would otherwise be inconsistent with its precedent. *See* Tex. R. App. P. 41.3.

firing a projectile. The handgun was admitted into evidence. Rasmussen testified that the admitted handgun looked similar to the gun that appellant pointed at her. Appellant's girlfriend testified that appellant was carrying a gun on the night in question.

Appellant was indicted for aggravated robbery, aggravated kidnapping, and aggravated sexual assault. After a jury panel had been seated, the State asked for a jury shuffle pursuant to Texas Code of Criminal Procedure article 35.11. Appellant's counsel objected to the shuffle on the ground that the State had no right to request it under the Code.[2] The trial judge ordered the shuffle.

After the shuffle, a jury was empaneled. Appellant pleaded not guilty to the charges, and the case proceeded to trial. The jury found appellant guilty of the charged offenses, and the trial court assessed punishment. For the aggravated kidnapping, the trial court assessed punishment at twenty years' imprisonment and a $10,000 fine. For the aggravated robbery, the trial court assessed punishment at life imprisonment and a $10,000 fine. For the aggravated sexual assault, the trial court assessed punishment at life imprisonment and a $10,000 fine. The prison sentences were to run concurrently. Appellant timely appealed.

---

[2] The exchange surrounding the jury shuffle took place as follows:

[STATE]: We are asking for a shuffle.

[APPELLANT'S COUNSEL]: I'm not sure the State has the right to ask for a shuffle. I will have to look at the code. I object, Judge.

[STATE]: 35.11 in the Code of Criminal Procedure.

THE COURT: I don't doubt you, but I'm going to look it up anyway. Have you had a chance to look at it?

[APPELLANT'S COUNSEL]: Not really. I oppose the shuffle. If they are entitled to it, then they are entitled to it; but I oppose it.

**DISCUSSION**

### A. Appellant did not preserve his argument that the jury shuffled denied him equal protection under *Batson*.

In his first issue, appellant contends that the State's request for a jury shuffle denied him equal protection. He essentially asks this court to extend the United States Supreme Court's holding in *Batson v. Kentucky*, 476 U.S. 79 (1986) to article 35.11 jury shuffles. Appellant asserts that the State must have requested a jury shuffle for discriminatory reasons.

Appellant did not preserve this argument for our review by objecting to the shuffle on *Batson* grounds. *See* Tex. R. App. P. 33.1 (to preserve error, an objection must state the grounds for the ruling that the complaining party sought). Even if he had objected, the trial court would not have erred in overruling the objection. *Batson* held that a prosecutor's use of peremptory strikes to eliminate members of the defendant's race from the jury violated a defendant's equal protection rights. 476 U.S. at 89. Appellant does not cite any binding authority extending the *Batson* holding to encompass a jury shuffle, and we have found none. Consequently, we apply a decision of the court of appeals that transferred this appeal to us, which has declined to extend *Batson* in the manner appellant seeks. *Wearren v. State*, 877 S.W.2d 545, 546 (Tex. App.—Beaumont 1994, no pet.).

Finally, even if *Batson* did apply to a shuffle, appellant did not establish a prima facie case, there being no evidence in the record of the shuffle's effect on minority venirepersons. *See Wearren*, 877 S.W.2d at 546. Accordingly, we overrule appellant's first issue.

4

**B.    Appellant did not preserve his challenge to the constitutionality of Code of Criminal Procedure article 35.11.**

In his second and third issues, appellant challenges the constitutionality of Code of Criminal Procedure article 35.11. He asserts that article 35.11 is unconstitutional both facially and as applied.[3]

Issues of procedural default, such as preservation of error, are systemic and must be reviewed by the courts of appeals, even when the issue is not raised by the parties. *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). To preserve error for review, appellant had to challenge the constitutionality of article 35.11 in the trial court. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (facial challenge); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (as-applied challenge). The record shows that he did not do so. Accordingly, appellant did not preserve his challenge for our review, and we overrule his second and third issues.

**C.    The evidence was legally sufficient to prove the "used or exhibited a firearm" element of aggravated kidnapping and aggravated robbery.**

Appellant's fourth and fifth issues pertain only to the convictions for aggravated robbery and aggravated kidnapping. In his fourth issue, appellant contends the evidence was legally insufficient to prove that he used or exhibited a deadly weapon. In his fifth issue, appellant challenges the denial of his motion for an instructed verdict. We consider these issues together as a challenge to the legal sufficiency of the evidence to support the "used or exhibited a deadly weapon"

---

[3] Article 35.11 states, in pertinent part: "The trial judge, on the demand of the defendant or his attorney, or of the State's counsel, shall cause a sufficient number of jurors from which a jury may be selected to try the case to be randomly selected from the members of the general panel drawn or assigned as jurors in the case." Tex. Code Crim. Proc. Ann. art. 35.11 (West 2006).

5

element of the offenses. *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003) (considering challenge to denial of a directed verdict as a challenge to the legal sufficiency of the evidence).

When evaluating the legal sufficiency of the evidence, we "consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We defer to the factfinder's (1) resolution of conflicts in testimony; (2) evaluation of the credibility and weight of the evidence; and (3) responsibility to draw reasonable inferences from basic facts to ultimate facts. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard applies equally to circumstantial and direct evidence. *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). In reviewing cases based on circumstantial evidence, we need not find that the State's evidence negated every reasonable hypothesis other than the defendant's guilt. *See Geesa v. State*, 820 S.W.2d 154, 160–61 (Tex. Crim. App. 1991), *overruled on other grounds*, *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000). Our role "is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Isassi*, 330 S.W.3d at 638 (quoting *Laster,* 275 S.W.3d at 517). Accordingly, we will uphold the verdict unless a rational factfinder must have had a reasonable doubt as to any essential element. *Laster,* 275 S.W.3d at 518.

To determine whether the State has met its burden to prove a defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). A hypothetically correct jury charge (1) accurately sets out the law; (2) does not unnecessarily increase the

State's burden of proof or unnecessarily restrict the State's theories of liability; and (3) adequately describes the particular offense for which the defendant was tried. *Id.* The "law as authorized by the indictment" consists of the statutory elements of the offense and those elements as modified by the indictment. *Id.*

Because the State specified a specific statutory manner and means in the indictments, the "law as authorized by the indictment" in this case allowed the jury to convict appellant of aggravated kidnapping and aggravated robbery only if he used or exhibited a deadly weapon, namely a firearm. *See id.* at 10; *see also* Tex. Penal Code Ann. § 20.04(b) (a person commits aggravated kidnapping if he (1) intentionally or knowingly (2) abducts another person and (3) uses or exhibits a deadly weapon during the commission of the offense); § 29.03(a) (a person commits aggravated robbery if he (1) commits robbery and (2) uses or exhibits a deadly weapon). "Deadly weapon" means "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury" or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17) (West Supp. 2014). "Firearm" means "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." *Id.* § 46.01(3) (West Supp. 2014). A handgun is by definition a firearm, and therefore a deadly weapon. *Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985); *Aikens v. State*, 790 S.W.2d 66, 67–68 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

Appellant argues that the evidence presented at trial is legally insufficient to establish that he used or exhibited a firearm during the commission of the offenses. Appellant contends that because the State repeatedly referred to the alleged firearm as merely a "gun," the record contains no evidence that the item used by appellant

was in fact a "firearm." Appellant further asserts that the alleged weapon could have been a BB gun, a pellet gun, a toy gun, or the like. Therefore, no rational juror could have found beyond a reasonable doubt that appellant used or exhibited a firearm. We disagree.

Rasmussen testified that appellant held a gun to her head and to her side during the events of April 7, 3013. Appellant's girlfriend testified that appellant was carrying a gun on the night in question. During his investigation, Officer Stockwell observed a Colt semi-automatic handgun in appellant's Chevrolet Malibu. Detective Lewallen testified that the handgun found by Officer Stockwell was a fully functional .45 caliber Colt Combat Commander. Officer Stockwell testified that the handgun could be considered a firearm. A firearm is a deadly weapon *per se.* Tex. Penal Code Ann. § 1.07 (a)(17)(A). The handgun was admitted into evidence. Rasmussen testified that the admitted handgun looked similar to the gun that appellant pointed at her.

A rational juror could have concluded beyond a reasonable doubt from this evidence that appellant used or exhibited a deadly weapon, namely a firearm, during the commission of the aggravated robbery and aggravated kidnapping. Therefore, with regard to aggravated robbery and aggravated kidnapping, the evidence is legally sufficient to support appellant's convictions. We overrule appellant's fourth and fifth issues.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the trial court's judgment.


/s/    Marc W. Brown
        Justice


Panel consists of Justices Jamison, Busby, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).