

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00252-CR

**DEOTIS SANDERS-GRAY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2020-1453-C2

## MEMORANDUM OPINION

The jury convicted Deotis Sanders-Gray of the offense of felon in possession of a firearm. The State had provided Sanders-Gray with a notice of punishment enhancement. The jury assessed punishment at confinement for 20 years. *See* TEX. PENAL CODE §§ 46.04; 12.42(a). Because the trial court did not commit error in the charge to the jury on punishment, the trial court's judgment is affirmed.

**BACKGROUND**

Sanders-Gray had previously been adjudicated delinquent and committed to the Texas Juvenile Justice Department for the felony offense of burglary of a habitation. Prior to trial for the offense of felon in possession of a firearm, the State provided Sanders-Gray with a notice of intent to enhance his punishment from a third degree felony to a second degree felony with the prior burglary adjudication. After his conviction, Sanders-Gray pled true at the beginning of the punishment phase to the punishment enhancement notice. During the punishment phase, the State also introduced a copy of the juvenile court adjudication for burglary of a habitation. In the punishment charge, the trial court instructed the jury as to the range of punishment pursuant to the enhancement. The jury was informed of the enhancement offense, and because Sanders-Gray pled true to the offense, the jury was also instructed to find the enhancement true. The court did not inform the jury in the charge that the enhancement offense was a juvenile adjudication.

**CHARGE ERROR**

In one issue on appeal, Sanders-Gray complains that the trial court failed to properly instruct the jury by failing to track the language of Texas Penal Code section 12.42(f)[1] in the charge regarding the punishment enhancement which, he contends, egregiously harmed him.

*Standard of Review*

If a defendant timely objects to alleged jury-charge error, the record need only

---

[1] This subsection pertains to when a juvenile adjudication may be considered a final, felony conviction for the purpose of punishment enhancement.

show some harm to obtain relief. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). If there was no timely objection, the record must show egregious harm. *Id.* Either way, to obtain a reversal for jury charge error, the appellant must have suffered actual harm and not merely theoretical harm. *Reed v. State*, 680 S.W.3d 620, 626 (Tex. Crim. App. 2023).

Sanders-Gray admits that he did not object to the court's charge. Thus, if we find the trial court erred, we must decide whether the record shows egregious harm. However, if we do not find the trial court erred, our analysis ends.

*Law*

When a defendant is a repeat or habitual offender, the Texas Penal Code gives the State the ability to request and prove an increased punishment range for that defendant. *See* TEX. PENAL CODE § 12.42. Prior convictions used as enhancements must be pled in some form but need not be pled in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

As it applies to this case, if it is shown on the trial of a felony of the third degree that the defendant had previously been finally convicted of a felony other than a state jail felony, on conviction, the defendant shall be punished for a felony of the second degree. TEX. PENAL CODE § 12.42 (a). Generally, an adjudication by a juvenile court that a child engaged in delinquent conduct constituting a felony offense for which the child was committed to the Texas Juvenile Justice Department is considered a final felony conviction for certain enhancement provisions including the enhancement provision used by the State. *Id.* (f), (a).

The State has the burden to prove that any prior conviction used to enhance a sentence was final under the law and that the defendant was the person previously convicted of that offense. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984). A plea of "true," however, satisfies the State's burden of proof and permits the trial court to charge the jury on punishment as though the primary offense carries the enhanced punishment. *Harvey v. State*, 611 S.W.2d 108, 111-112 (Tex. Crim. App. 1981). When a plea of true occurs, the trial court may instruct the jury to find the enhancement paragraph to be true. *See Chandler v. State*, 21 S.W.3d 922, 923 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Urbano v. State*, 808 S.W.2d 519, 523 (Tex. App.—Houston [14th Dist.] 1991, no pet.). Consequently, in that situation, there is no need to submit the validity of the enhancement allegation for the jury's consideration. *See Howell v. State*, 563 S.W.2d 933, 936 (Tex. Crim. App. 1978).

*Application*

In this case, Sanders-Gray pled true to the punishment enhancement notice provided by the State. Thus, the State was not required to prove up the enhancement, and the trial court could instruct the jury to find the enhancement to be true. Because the trial court instructed the jury to find the enhancement to be true, there was nothing for the jury to consider. Accordingly, the trial court did not err in failing to track the language of section 12.42(f) in the charge.

CONCLUSION

Having determined the trial court did not err, we overrule Sanders-Gray's sole

issue and affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Smith, and
      Justice Wright[2]
Affirmed
Opinion delivered and filed December 12, 2024
Do not publish
[CRPM]



---

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.